Dear Mr. Sherel:
We received your request for an opinion regarding property tax exemptions. Your request presents two questions:
 1. Is property owned by a church or other non-profit corporation that is leased to a private, for profit business or corporation exempt from taxation?
 2. Is property owned by the Chitimacha Tribe of Louisiana, but not part of the reservation subject to taxation?
In response to your first question, we refer you to Article 7, Section 21 of the Louisiana Constitution of 1974 which provides as follows:
 In addition to the Homestead Exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 . . .
 (B)(1)(a) property owned by a non-profit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax; and
 . . .
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of corporation or association.
Our office previously opined that property which is owned by a non-profit association is exempt from taxation if it is leased for a purpose which is related to the exempt status of the property owner. See Attorney General Opinion Number 97-422. However, if the property is being leased for commercial gain without any restriction on the use of the property, the property would be subject to taxation. Thus, it is our opinion that property owned by a non-profit or religious organization that is leased purely for commercial gain, i.e. to a corporation or entity which has no relationship to the purpose of the non-profit or religious organization, is not exempt from taxation.
In response to your second question concerning the Chitimacha Indian Tribe of Louisiana, we refer you to Tunica-Biloxi Tribe v. State ofLouisiana, 964 F.2d 1536(5th Cir. 1992). As noted in this decision, there are two presumptions regarding taxation of Indian Tribes. A state may not tax lands, activities and properties within the boundaries of a federally recognized Indian Tribe reservation. The state may, however, tax land, activities, and property which is outside of the reservation. We enclose a copy of Attorney General Opinion No. 00-420 for your review. It very specifically addresses the taxation of land owned by Indian Tribes. Thus, it is our opinion that property which is owned by the Chitamacha Indian Tribe of Louisiana but is not within the boundaries of the reservation is subject to state taxation.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ TINA VICARI GRANT ASSISTANT ATTORNEY GENERAL
RPI/TVG/crt